TOGIOLA T.A. TULAFONO, Plaintiff

v.

TAFESILAFA'I MIKA VAESA'U,
MAUI'A (JOHN) NAFANUA TOGIOLA
TE'O TU'ITU'I MAPU,
and DOES I-XX, Defendants

High Court of American Samoa
Land and Titles Division

MT No. 2-87

·March 25, 1987

Before    REES,    Chief    Justice,   TAUANU'U,    Chief
Associate Judge, VAIVAO, Associate Judge, AFUOLA,
Associate Judge, and TUIAFONO, Associate Judge.

Counsel: Togiola T.A. Tulafono pro se
         Tafesilafa'i Mika Vaesa'u pro se
         Maui'a (John) Nafanua Togiola pro se
         Te'o Tu'itu'i Mapu pro se

The plaintiff and two of the defendants in this action were candidates for the Togiola title in 1985. After the death of the previous titleholder, defendant Maui'a registered the title in his own name. This registration was challenged by defendant Te'o and by the plaintiff, who was then called by the title Ufagafa. Each of these three men claimed that the Togiola family, or the greatest part of it, supported him for the Togiola title. Since the family could not resolve its differences, the controversy came before the High Court.

By the time of the trial, candidate Maui'a had removed to Hawaii and a fourth candidate had dropped out of contention, stating that he would support either Te'o or Ufagafa. It was the unanimous decision of the four Samoan Associate Judges sitting on the case that the two remaining candidates, Te'o and Ufagafa, were about equal in their hereditary right to the title. The Samoan judges also found that the family was divided among all four candidates with no candidate prevailing. The judges found that Ufagafa clearly prevailed in forcefulness, character, leadership, and familiarity with Samoan customs, and also in value to the family and community. The Court therefore decided that Ufagafa should hold the Togiola title. The Appellate Division upheld this decision.

Shortly after the Appellate Division issued its opinion, the new Togiola began preparations for his saofa'i, which was held on February 24 of this year. On February 17, however, another saofa'i was held, purporting to bestow the Togiola title on Tafesilafa'i, who had not previously been a candidate for the title. Since that time Tafesilafa'i has been holding himself out as the holder of the Togiola title, and Te'o and Maui'a have been supporting him in this claim. This action, brought by the lawful holder of the title, seeks to enjoin the defendants from continuing to hold out Tafesilafa'i as Togiola.

The laws of American Samoa clearly give the court power to enjoin someone from holding himself out as the holder of a title that has been lawfully registered in the name of another person. A.S.C. 43.0303. Indeed, the Fono has enacted a law making it a crime for anyone to claim a title that belongs to another person. A.S.C. 1.0414. We are most reluctant, however, to issue an order that interferes with what a person chooses to call himself. If the defendants had done nothing other

55

than to _say_ that Tafesilafa'i was really Togiola, we would be strongly inclined to leave it to the Togiola family and to the traditional leaders of the Territory to correct this erroneous impression.

We do, however, have the obligation to prevent people from interfering with the rights of others. Togiola complains that the defendants have interfered with his own right to exercise the powers appurtenant to the title. The Court has also heard a statement from Paramount Chief Le'iato, for whose saofa'i preparations are currently underway, indicating that the possibility that his saofa'i will be disrupted and the harmony of the whole Eastern District fractured as a result of the present controversy is a matter of great concern to him.

The evidence establishes that at a meeting called last week for the purpose of making preparation for the Le'iato saofa'i, Tafesilafa'i came in and sat in the place traditionally reserved for Togiola. When he was asked to leave by Leota, who had called the meeting and in whose house it was, he refused. An argument ensued, and a talking chief of the Togiola family was beaten by some sons of Tafesilafa'i. At the hearing, defendants did not attempt to rebut this evidence.[1] Furthermore, Tafesilafa'i testified that he and he alone had the power to make legal decisions concerning Togiola family lands, and that he intended to actively interfere with any decision by Togiola Talalelei

---

[1]. The defendants conducted their own defense at the hearing on the preliminary injunction, as did the plaintiff, who is an attorney. One of the defendants called to the Court's attention the fact that the hearing was held on one day's notice and that they had therefore been unable to retain counsel. The short notice was made necessary by the imminence of the Le'iato saofa'i, preparations for which were actively disturbed last week by the defendants and their associates. The Court attempted to explain to the defendants their rights (e.g., to cross-examine the plaintiffs' witnesses and to put on their own evidence) at each stage of the proceeding. If defendants feel that they were prejudiced by the short notice, or wish to change the Court's ruling in any way, they may secure counsel and bring the matter for a hearing on the question of a permanent injunction.

Tulafono to build a house or conduct other activities on family lands. (Asked exactly what he would do to interfere, he stated that he would begin by going to court, but if he lost he would still not allow any such buildings to be built.)

The defendants believe that they are justified in their posture because they and they alone represent the blood members of the Togiola family. This has unfortunately become a standard tactic in matai title disputes: if you cannot win any other way, claim that only the members of your own clan are "true" blood members of the family. It is clear, however, that Togiola Talalelei Tulafono is descended from Togiola titleholders including the original titleholder. ، He presented evidence of this at the trial over the title, and Te'o did not challenge this evidence.

The defendants' attempt to portray this as a controversy between "the family" on the one hand and "the Court" on the other is particularly ironic, because the two previous titleholders--- who are more closely related to the defendants than to the plaintiff, and whose administration of the family in recent years seems to be the basis for the defendants' attitude that their side of the family is the only "true" side --- were themselves chosen by the Court.

In 1952 the Court awarded the Togiola title to one Fuaga, who went on to hold it for about thirty years; the losing candidate in that case, whose membership in the family was not challenged, was the great-uncle of the plaintiff in this case, Togiola Talalelei Tulafono. On the death of Togiola Fuaga in 1982 the family again found itself unable to agree, and the Court awarded the title to Mapu, the father of defendant Te'o. When one side of the family has held the title not through family consensus but through judicial decisions, it is particularly unbecoming for that side to call foul --- much less to threaten active disobedience to Court orders --- when the Court subsequently awards the title to another side of the family.

Moreover, this title came to the Court in 1984 not because of anything the plaintiff did but because the defendants could not agree among themselves. Maui'a was the first to register the title. His claim was challenged first by another family member and then by Te'o. The plaintiff, who was ultimately awarded the title, did not file his claim until after the controversy was well under

57

way. A candidate who files a claim with the territorial registrar knowing that the family has not reached a genuine consensus and that his claim will be opposed by other members of the family, who wages a court battle and then an appeal asking the Court to award him the title, is in no position to complain about "Court interference in family matters" when somebody else wins the case.

It is the judgment of the Court, therefore, that Tafesilafa'i can call himself anything he wants, although courtesy and a desire for peace within the family should militate strongly against his continuing to call himself by the title Togiola.

The defendants are enjoined, however, from interfering in any way with the right of Togiola Talalelei Tulafono to exercise the powers appurtenant to the Togiola title. This specifically includes, but is not limited to, the power to make decisions concerning family land.

The defendants are also enjoined from committing, encouraging, or countenancing any acts of violence in connection with this controversy.

The defendants are further enjoined from interfering with the conduct of the Le'iato saofa'i. Rather than spell out in detail what is forbidden by this part of the injunction, we direct the defendants to comply with the requests of Paramount Chief Le'iato and of those authorized to speak for him in connection with the saofa'i.

It is so ordered.